IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. ROWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:18-cv-165-WKW-GMB |
| | ) | [WO] |
| UNITED STATES OF AMERICA and | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant United States Postal Service's Motion to Dismiss. Doc. 13. On March 12, 2018, Plaintiff John L. Rowell filed this lawsuit under the Federal Tort Claims Act ("FTCA"), claiming that a vehicle he was driving was struck by a vehicle owned and controlled by the United States Postal Service. *See* Doc. 1. Rowell filed suit against the United States and the United States Postal Service. The United States Postal Service has moved to dismiss the claims against it for want of jurisdiction. *See* Doc. 13. The United States has answered the complaint. *See* Doc. 10. Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned United States Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. Doc. 17.

After careful consideration of the parties' submissions and the applicable law, the undersigned RECOMMENDS that the motion to dismiss (Doc. 13) be GRANTED, and that Rowell's claims against the United States Postal Service be DISMISSED for a lack of subject-matter jurisdiction.

## I.  DISCUSSION

The United States has sovereign immunity from suits, but has waived its immunity from state-law tort claims through the enactment of the FTCA. *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015) (citations omitted).  Even so, the United States retained the authority to craft this waiver "as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose." *Id.* at 1321–22 (citation omitted).  "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Id.* at 1322.

The Postal Service moves for dismissal stating that, as a federal agency, it is not subject to suit under the FTCA. *See* Doc. 13 at 2.  The FTCA authorizes claims only against the United States, and not against its agencies or employees. *See Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) (citing 28 U.S.C. § 2679(b)(1)); *see also Goble v. Ward*, 628 F. App'x 692, 698 (11th Cir. 2015) (upholding a district court's dismissal of claims against the Securities and Exchange Commission because the "FTCA's waiver applies only to the federal government and not to agencies within the federal government.").  "Based on the explicit statutory language, a specific agency cannot be sued under the FTCA and a claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction." *Holmes v. Dep't of Veterans Affairs*, 2007 WL 4223221, at *2 (M.D. Ala. Nov. 28, 2007).

In opposition to dismissal, Rowell has cited *Harrelson v. United States*, 2012 WL 2568217 (M.D. Ala. July 2, 2012).  As the Postal Service points out, however, that decision is inapposite because it dismissed the claims against both the United States and the Postal

Service based on the discretionary function exception to the FTCA without specifically addressing whether there was jurisdiction over claims against the Postal Service as an agency. *See id.* at \*4.

## II. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the motion to dismiss (Doc. 13) be GRANTED, and that all claims asserted against the United States Postal Service be DISMISSED for lack of subject-matter jurisdiction. It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **July 12, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 28th day of June, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE